| |
|---|
| **Picken v RN Realty, LLC** |
| 2024 NY Slip Op 34516(U) |
| December 21, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 653313/2014 |
| Judge: Andrea Masley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 48

-----------------------------------------------------------------------------X

ALEXANDER PICKEN, and PICKEN REAL ESTATE INC.,

                                        Plaintiffs,

                        - v -

RN REALTY, LLC,

                                        Defendant.

-----------------------------------------------------------------------------X

| INDEX NO. | 653313/2014 |
| MOTION DATE | -- |
| MOTION SEQ. NO. | 017 |

**DECISION + ORDER ON MOTION**

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 017) 615, 616, 617, 618, 619, 620, 621, 622, 623, 624, 625, 626, 627, 628, 629, 630, 631, 633, 634, 635, 636, 637, 638, 639 were read on this motion to/for                    CONTEMPT                    .

Plaintiffs Alexander Picken and Picken Real Estate Inc. move by order to show cause (OSC) for an order (1) pursuant to CPLR 5210, 5223 and 5251, and Judiciary Law §753, holding judgment debtor RN Realty, LLC (Realty and collectively RN) as well as nonparties Neal Schwartz and Allison Schwartz (collectively, RN), in contempt for failing to respond to Information Subpoenas with Restraining Notices (Information Subpoenas); (2) pursuant to CPLR 5223, compelling the Schwartzs to respond to the Information Subpoenas; and (3) pursuant to Judiciary Law §753 and the court's inherent authority, awarding plaintiffs attorneys' fees, costs and expenses in seeking compliance with the Information Subpoenas, and imposing a civil penalty against Realty and the Schwartzs of $250.  (NYSCEF Doc. No. [NYSCEF] 630, OSC at 2.)

On December 16, 2024, the return date on the OSC, RN's attorney appeared in person for this contempt proceeding, though the Schwartzs, who were ordered to appear in person, did not appear.  (*Id.* at 1.)

653313/2014  PICKEN, ALEXANDER vs. SCHWARTZ, NEAL
Motion No.  017

Page 1 of 5

[* 1]

Following a jury trial, on March 17, 2023, plaintiffs were awarded damages in the amount of $2,127,840.44 for brokerage services rendered in 2012 to 2013 facilitating a sale of real property on July 12, 2013, for $45 million.  (*See* NYSCEF 608, Judgment; NYSCEF 59, Amended Complaint ¶21.)  Realty has failed to satisfy the judgment. Accordingly, on August 8, 2024, and again on October 2, 2024 (Realty, Neal Schwartz) and on October 16, 2024 (Allison Schwartz), plaintiffs served the Information Subpoenas.  (NYSCEF 619, 620, 625, 628, Information Subpoenas; NYSCEF 617, Daniel Hoffman[1] aff ¶¶8-9, 14-15, 18.)  RN failed to respond.  (NYSCEF 617, Hoffman aff ¶¶10, 16, 19.)

On October 23, 2024, October 31, 2024, and November 1, 2024, plaintiffs served subpoenas for depositions.  (NYSCEF 622, Realty Subpoena; NYSCEF 627, Neal Schwartz Subpoena; NYSCEF 629, Allison Schwartz Subpoena; NYSCEF 617, Hoffman aff at 4-5 n 1-3.)  RN failed to respond to the subpoenas for depositions which first required production of documents on or before November 20, 2024 (Realty, Neal Schwartz) and November 21, 2024 (Allison Schwartz).  (NYSCEF 622, Realty Subpoena at 2/23; NYSCEF 627, Neal Schwartz Subpoena at 2/23; NYSCEF 629, Allison Schwartz Subpoena at 2/23; NYSCEF 635, Hoffman reply aff ¶17.)

RN challenges service of the subpoenas.  Allison Schwartz was not served properly with the Information Subpoena since CPLR 5224(a)(3) requires certified mail. (*See* NYSCEF 628, Allison Schwartz Information Subpoena at 20/20.)  However, the court rejects RN's opposition to service on Realty and Neal Schwartz since the Information Subpoenas were served on them by certified mail.  (NYSCEF 636, Olajide

---

[1] Hoffman is plaintiffs' counsel.  (NYSCEF 617, Hoffman aff ¶1.)

Aff of Service; NYSCEF 638 Patrick Aff of Service.)  Although the service was consistent with CPLR 5224(a)(3), because jail time is a possibility here, the court directed plaintiffs to serve the Schwartzs with personal service by December 31, 2024. RN's counsel was directed to provide the Schwartzs' addresses by December 17, 2024, at 5:00 p.m.

The court rejects RN's opposition based on CPLR 5224(a)(3)(iv) and CPLR 2308(b).  The use of the word "may" is not compulsory, contrary to RN's assertion. Indeed, RN fails to provide any law to support its flawed interpretation.[2]

The court rejects RN's argument that there is no contempt because RN's counsel was not served.  The law is otherwise.  (*See ITT Commercial Fin. Corp. v Bailey*, 166 Misc 2d 24, 27 [Sup Ct, Chautauqua County 1995].)

RN is wrong again in its argument that plaintiffs' motion for contempt is premature.  (*See Goetz Fitzpatrick LLP v OTR Media Grp, Inc.*, 192 AD3d 474, 474 [1st Dept 2021], *lv dismissed* 37 NY3d 1080 [2021].)

As stated on the record on December 16, 2024, plaintiffs' motion for contempt is granted conditionally.  Plaintiffs shall submit the transcript to be so ordered.  Plaintiffs' request for an award of attorneys' fees incurred in seeking compliance with the Information Subpoenas and for a fine of $250 must await RN's compliance with the deadlines.  (Judiciary Law §773.)

At oral argument, RN's counsel advised the court that he may be unavailable to work with his clients to comply with the deadlines.  Of course, the court appreciates the professional difficulties when a family member is not well.  Counsel also has a

---

[2] The court notes that RN fails to cite any law in its opposition.

653313/2014  PICKEN, ALEXANDER vs. SCHWARTZ, NEAL
Motion No. 017

Page 3 of 5

professional responsibility to his clients who are before the court on a contempt motion in a 2014 action. (*See* Rules of Prof Conduct [22 NYCRR 1200.0] rule 1.3 [diligence].) If counsel is not able to represent his clients, then he has a responsibility to get help from an associate or partner or others or withdraw as counsel without prejudicing his client. (6A N.Y. Jur. 2d Attorneys at Law § 87.)

Accordingly, it is

ORDERED that plaintiffs shall serve the Information subpoenas and deposition subpoenas on the Schwartzs by personal service by December 31, 2024; and it is further

ORDERED that plaintiffs shall serve Allison Schwartz with the Information Subpoena consistent with CPLR 5224(a)(3) by December 31, 2024; and it is further

ORDERED that RN Realty, LLC, Neal Schwartz and Allison Schwartz are directed that they shall not destroy documents (paper, electronic or otherwise) and their counsel shall provide them with a document retention letter if not already provided to them; and it is further

ORDERED that RN Realty, LLC, Neal Schwartz and Allison Schwartz shall produce responsive documents and a privilege log, if applicable, by January 18, 2025. Otherwise, they will be in contempt of court; and it is further

ORDERED that RN Realty, LLC, Neal Schwartz and Allison Schwartz shall appear for depositions on or before February 15, 2025. Otherwise, they will be in contempt of court; and it is further

ORDERED that if RN Realty, LLC, Neal Schwartz and/or Allison Schwartz fail to comply with this order, then they will be in contempt of court. Plaintiffs shall submit an

653313/2014  PICKEN, ALEXANDER vs. SCHWARTZ, NEAL
Motion No. 017

Page 4 of 5

affidavit to the court explaining the circumstances of the contempt and the court will consider plaintiffs' application for attorneys' fees and $250 penalty; and it is further

ORDERED that plaintiffs are directed to submit the transcript to be so ordered.

20241221190325AMASLEYDB70F1CF7A8C4DB8B0C396E25254C652

| 12/21/2024 | | | | ANDREA MASLEY, J.S.C. | |
|---|---|---|---|---|---|
| DATE | | | | | |
| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | | |
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER | |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |

653313/2014   PICKEN, ALEXANDER vs. SCHWARTZ, NEAL
Motion No.  017

Page 5 of 5

5 of 5